Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
(619) 233-7770
(619) 297-1022

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Danforth,<br><br>                    Plaintiff,<br><br>v.<br><br>Cavalry SPV I, LLC and Suttell,<br>Hammer & White, APC,<br><br>                    Defendants. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
San Diego, California

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.  David Danforth, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Cavalry SPV I, LLC, ("Cavalry") and Suttell, Hammer & White, APC ("Suttell"), collectively ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.  Unless otherwise stated, all the conduct engaged in by Defendants, took place in California.

7.  Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

HYDE & SWIGART
San Diego, California

**JURISDICTION AND VENUE**

8.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10.   Plaintiff is a natural person who resides in the City of Antioch, County of Contra Costa, State of California.

11.   Plaintiff resides in Contra Costa County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12.   At the time of the substantial part of the events or omissions giving rise to the claim occurred, primarily, Defendants mailing, and Plaintiff receiving Defendants' December 30, 2014 correspondence, Plaintiff was physically located in the City of Antioch, County of Contra Costa, State of California.

13.   Because a substantial part of the events or omissions giving rise to the claim occurred in Contra Costa County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14.   At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

15.   Plaintiff is a natural person who resides in the County of Contra Costa, State of California.

16.   Cavalry is located in the City of Valhalla, in the State of New York.

17.   Suttell is located in the City of Bellevue, in the State of Washington.

18.   Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

HYDE & SWIGART
San Diego, California

19. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

21. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

23. Sometime before October 31, 2014, Plaintiff is alleged to have incurred certain credit card-related financial obligations.

24. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26. Sometime thereafter, but before October 31, 2014, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

27. Subsequently, but before October 31, 2014, the alleged debt was assigned, placed, or otherwise transferred from to Defendant for collection.

28. On or about October 31, 2014, Suttell, acting on behalf of Cavalry, filed a collections lawsuit against Plaintiff in the Superior Court of Contra Costa, Case Number CIVMSL14-04407.

29. On or about November 25, 2014, after retaining present counsel, counsel, acting on behalf of Plaintiff, filed Plaintiff's Answer with the court and mailed Plaintiff's Answer to opposing counsel.

30. On or about November 25, 2014, Plaintiff's counsel mailed Defendants Plaintiff's Request for Admissions, Plaintiff's Request for Production of Documents and and Plaintiff's Demand for Bill of Particulars.

31. On or about December 11, 2014, Defendants' mailed Plaintiff's counsel Cavalry's  responses to Plaintiff's Demand for Bill of Particulars.

32. On or about December 30, 2014, and despite being placed on notice that Plaintiff was represented by present counsel, Defendants contacted Plaintiff by mailed correspondence, in regards to attempts to collect a debt.

33. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendants communicated with the consumer in connection with the collection of a debt when Defendants knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address.   Consequently, Defendants violated 15 U.S.C. § 1692c(a)(2).

34. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal

HYDE & SWIGART
San Diego, California

Fair Debt Collection Practices Act, through California Civil Code § 1788.17,
Defendant's conduct or omission violated Cal. Civ. Code § 1788.17.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

35.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

38.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

39.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

40.  As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to

HYDE & SWIGART
San Diego, California

$1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: January 30, 2015                    By: s/ Crosby S. Connolly
                                              Crosby S. Connolly
                                              Attorneys for Plaintiff

HYDE & SWIGART
San Diego, California